MABEL C. TRUNKFIELD, TRUSTEE *v.* BRISTOL BANK
AND TRUST COMPANY ET AL.

SUPERIOR COURT      NEW HAVEN COUNTY      FILE NO. 22070
AT WATERBURY

Memorandum filed July 21, 1955.

*Carl A. Lundgren,* of Ansonia, for the plaintiff.

*Beach & Calder,* of Bristol, and *Howard Daniel Olderman,* of Ansonia, for the defendants.

MURPHY, J. By interpolating the names of the testator's other named children in the last sentence of paragraph 4 of the will, the intent of the testator with respect to the disposition of the principal of the trust upon George's death can readily be determined. It would read thus: "In the event that my said son shall die without issue or without leaving a wife, then I direct that said trust fund shall cease and determine upon his death, and that the principal of said fund shall be divided equally among my other children as above named [Ella Somers, Ida Chidsey and Mabel Trunkfield], to be enjoyed by them and their heirs and assigns forever."

Although the object sought in the construction of wills is the intent of the testator, it is nevertheless the intent as expressed in the language used. *Jackson* v. *Alsop,* 67 Conn. 249, 252.

The testator made no attempt to condition the taking upon survival by the sisters of George. Both Ella and Ida are dead. Only Mabel was living at George's death. As George left no issue or wife, each daughter took a vested interest at the death of the testator in one-third of the residuum of the trust, which interest was liable to defeat by either of two conditions, neither one of which actually occurred. *Throop* v. *Williams,* 5 Conn. 98, 99; *Austin* v. *Bristol,* 40 Conn. 120, 136; *Mahoney* v. *Mahoney,* 98 Conn. 525, 533.

The present value of the trust estate is approximately $3600. The trustee is advised to pay one-third of said trust estate to the estate of Ella M. Somers, one-third to the estate of Ida Chidsey and the other third to Mabel C. Trunkfield.

There is allowed for expenses and counsel fees to the plaintiff trustee, two hundred and fifty ($250) dollars; to the estate of Ella M. Somers, one hundred and seventy-five ($175) dollars; to the estate of Ida Chidsey, one hundred and fifty ($150) dollars; and to Mabel C. Trunkfield, one hundred and fifty ($150) dollars.

Judgment accordingly.